## IN RE: THE MARRIAGE OF GERALD L. SUMMER
### Case No. 84-5426 CA (D) B
Fifteenth Judicial Circuit, Palm Beach County
August 21, 1985

### APPEARANCES OF COUNSEL

**Martin L. Haines, III** for Cheryl L. Summer.

**John T. Christiansen** for Gerald L. Summer.

### OPINION OF THE COURT

JOHN D. WESSEL, Circuit Judge.

THIS CAUSE came on to be heard upon the husband's petition for dissolution of marriage, the wife's answer and counterpetition and the husband's answer to the counterpetition. Both parties attended the trial with their lawyers, Martin L. Haines, III for the wife, and John T. Christiansen for the husband. The court having heard the testimony of the parties and their witnesses and having considered the documentary evidence and being otherwise fully advised in the premises, it is

ORDERED AND ADJUDGED as follows:

1. The parties' marriage be and it is hereby dissolved because it is irretrievably broken.

2. That the husband shall pay to the wife as and for rehabilitative alimony the sum of Eight Hundred Dollars ($800.00) per month, commencing May 15, 1985, and continuing on the 15th day of each month thereafter for a period of five (5) years or until the wife remarries or either party dies, at which time alimony shall terminate. The court reserves jurisdiction for the purpose of awarding future rehabilitative alimony or permanent alimony if such award is necessary in the future.

3. That the parties shall have shared parental responsibility of the parties' minor children. The husband shall be the residential parent. The wife shall have liberal, but reasonable visitation with such minor children at times to be mutually agreed upon by the parties, with reasonable notice to the husband. In the event the parties are unable to agree upon such visitation, then either party may submit the matter of visitation to this court for determination.

4. That the husband shall pay to the wife, as and for child support, the sum of Two Hundred Dollars ($200.00) per month for the parties' minor children, apportioned One Hundred Dollars ($100.00) per child, which sum shall be payable by the husband to the wife on May 15, 1985, and continuing on the 15th day of each month thereafter until the minor children reach the age of 18 years, marry or become otherwise emancipated. The wife shall not be required to pay child support to the husband at this time. The court, in making such an award of child support, is mindful of the fact that it has awarded the residential custody of the children to the husband. However, the court feels that the Shared Parental Responsibility Act does contemplate that essentially the responsibilities and the economic burden of the shared parental responsibility is placed on both parties and the one who does not have the financial ability should be able to receive from the one who has financial ability, child support. In view of the fact that the major considerations for shelter and other items of support lie with the husband, the wife should have only a small amount of child support and this court determines that to be $100.00 per month, per child.

5. The court finds that the wife is entitled to equitable distribution, consisting of 20% of the husband's portion of his pension plan and 20% interest in the husband's interest in Samydo Corporation. Therefore, the court makes the following award:

CHERYL L. SUMMER, whose last known mailing address is 19

142

Paddock Circle, Tequesta, Florida 33458, is hereby entitled to the benefits of twenty percent (20%) of the value of the vested account balance as of December 31, 1984, that balance was $384,000.00, of GERALD L. SUMMER in the Drs. Rotter, Spivey, Warren, Janssen & Summer, P.A. Pension Plan and Trust dated March 1, 1968, as amended (the "Plan"). The last known mailing address of GERALD L. SUMMER is 2801 N. Flagler Drive, West Palm Beach, Florida 33407. Following a determination that this judgment constitutes a Qualified Domestic Relations Judgment, as defined in Section 414(p) of the Internal Revenue Code, the above specified amount may be placed by the Plan Trustee in a separate account for the benefit of CHERYL L. SUMMER and/or shall remain part of the Plan and invested with other plan assets at her option and shall become payable to CHERYL L. SUMMER on or after the date on which GERALD L. SUMMER attains (or would have attained) age fifty five (55) or the age ten (10) years prior to the normal retirement age under the Plan. When such benefits become payable, CHERYL L. SUMMER shall be able to elect to have such benefits distributed in any form which benefits may be paid under the Plan (except in the form of a joint and survivor annuity with her subsequent spouse, if any). In the event CHERYL L. SUMMER dies prior to receiving distribution of her entire separate account under the Plan, the balance of her distribution shall be paid to her children, LYNN A. SUMMER, and CARRIE E. SUMMER, per stirpes. As to the award of 20% interest in the husband's share of Samydo Corporation, the husband shall cause the necessary documents to be prepared, executed and delivered to the wife to effect that conveyance.

6. That the parties shall share equally in the refund resulting from the joint 1984 federal income tax return.

7. That the court reserves jurisdiction of this cause and the parties hereto for the purpose of entering such future orders as may be necessary, including attorneys' fees and costs.